Exhibit A

**ACLU**

AMERICAN CIVIL LIBERTIES UNION
of SOUTHERN CALIFORNIA

LIBERTY | JUSTICE | EQUALITY

*By Facsimile, Certified Mail, Return Receipt Requested*

January 29, 2009

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

**Department of Justice**
FOIA/PA Mail Referral Unit
Department of Justice
Room 115, LOC Building
Washington, DC 20530-0001
Fax: (301) 341-0772

> Federal Bureau of Investigation
> David M. Hardy, Chief
> Record/Information Dissemination Section
> Records Management Division
> 170 Marcel Drive
> Winchester, VA 22602-4843
> (540) 868-4591

> Federal Bureau of Investigation
> Los Angeles Field Office
> Attn: FOIA Office
> Suite 1700, FOB
> 11000 Wilshire Blvd.
> Los Angeles, CA 90024-3672

> INTERPOL – United States National Central Bureau
> Allison Tanaka
> FOIA/PA Specialist
> Office of General Counsel
> Washington, DC 20530-0001
> (202) 616-9000

> National Security Division
> Arnetta James
> FOIA Initiatives Coordinator
> Room 6150, 950 Pennsylvania Avenue, N.W.
> Washington, DC 20530-0001
> (202) 307-3525



LIBERTY | JUSTICE | EQUALITY

**Department of State**
Margaret P. Grafeld
Office of Information Programs and Services
A/ISS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-6001
Fax: (202) 261-8579

**Central Intelligence Agency**
Adolfo Tarasiuk, Jr.
Chief Information Officer
Washington, D.C. 20505

**Department of Defense**
Jim Hogan
Defense Freedom of Information Policy Office
1155 Defense Pentagon
Washington, D.C. 20301-1155
Fax: (703) 696-4506

Defense Intelligence Agency
Alesia Y. Williams
ATTN: DIAC, DAN-1A
Bldg. 6000
Washington, D.C. 20340-5100
Fax: (301) 394-5356
E-mail: foia@dia.mil

Defense Security Service
Les Blake
Chief, Office of FOIA and Privacy, GCF
1340 Braddock Place
Alexandria, VA 22314-1651
Fax: (703) 325-5341
E-mail: leslie.blake@mail.dss.mil

National Security Agency
Marianne Stupar
FOIA Requester Serivvce Center/DJP4
9800 Savage Road, Suite 6248
Ft. George G. Meade, MD 20755-6248
Fax: (301) 688-4762

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg



LIBERTY | JUSTICE | EQUALITY

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

Office of the Inspector General
Dave Henshall
Senior Advisor, Information and Privacy
400 Army Navy Drive, Suite 1021
Arlington, VA 22202-4704
Fax: (703) 602-0294

**Department of Homeland Security**
Catherine M. Papoi
Deputy Chief FOIA Officer
Director, Disclosure & FOIA
The Privacy Office
245 Murray Drive, S.W.
STOP-0550
Washington, DC 20528-0550
Fax: (703) 235-0443
E-mail: foia@dhs.gov

Bureau of Customs and Border Protection
Mark Hanson
Director
FOIA Division
799 9th Street, NW
Mint Annex
Washington, DC 20229
Fax: (202) 325-0154

United States Immigration and Customs Enforcement
Catrina Pavlik-Keenan
800 N. Capitol Street
Fifth Floor, Suite 585
Washington, D.C. 20536
Fax: (202) 732-0310

Transportation Security Administration
Kevin J. Janet
FOIA Officer, TSA-20
601 South 12th Street
Arlington, VA 22202-4220
Fax: (571) 227-1406



**LIBERTY | JUSTICE | EQUALITY**

Under Secretary Office of Intelligence and Analysis
U.S. Department of Homeland Security
FOIA Officer / Requester Service Center- Quinton Mason
Washington, D.C. 20528
Fax: (202) 282-8191
Email: Quinton.mason@dhs.gov

**Office of the Director of National Intelligence**
Washington, D.C. 20511
Fax: (703) 275-1299
Email: dni-foia@ugov.gov

Re:   **Request Under Freedom of Information Act and Privacy Act**
        *Expedited Processing Requested*

Dear FOIA Officer:

This letter constitutes a request for records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5. U.S.C. § 552a, by the American Civil Liberties Union Foundation of Southern California (ACLU/SC) on behalf of Naji Jawdat Hamdan, Hossam Hemdan, and Jehad Suliman (hereinafter "Requestors"). *See* Exhibit A (Privacy Act authorizations for Requestors).

The ACLU/SC and Requestors make this request for records to obtain information about the federal government's surveillance, monitoring, questioning, investigation, and participation in the overseas detention and torture of Mr. Naji Jawdat Hamdan. Mr. Hamdan's brother, Hossam Hemdan, and associate, Jehad Suliman, make this request for information pertaining to themselves because they also underwent substantial surveillance, monitoring, questioning and investigation because of their relationship to Mr. Hamdan.

## THE REQUESTORS

The **ACLU/SC** is a non-profit organization dedicated to defending and securing the rights granted by the U.S. Constitution and Bill of Rights. ACLU/SC's work focuses on the First Amendment, equal protection, due process, privacy, and furthering civil rights for disadvantaged groups. As part of its work, ACLU/SC disseminates information to the public through newsletters, news briefings, "Know Your Rights" documents, and other educational and informational materials.

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg



**LIBERTY | JUSTICE | EQUALITY**

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

The ACLU/SC represented Mr. Naji Hamdan and Mr. Hossam Hemdan in a federal lawsuit challenging Mr. Hamdan's overseas detention in the United Arab Emirates, *Mallouk, et al. v. Obama, et al.*, CV 08-2003 (JR) (D.D.C. 2009). The ACLU/SC also represented Mr. Jehad Suliman for the purposes of reclaiming property unlawfully obtained from his home during the execution of a search warrant.

**Naji Jawdat Hamdan** is an American citizen, who was born in Lebanon on May 26, 1966. He moved to the United States in the early 1980s and lived mostly in the Los Angeles area until 2006. Mr. Hamdan is married to Mona Mallouk and has three children: Khaled, Hamza and Noor Hamdan.

Mr. Hamdan studied in the United States at Northrup University, and later started a successful auto parts business, called Honda Acura Palace or Hapimotors. He also was a founding member and part of the leadership of the Islamic Center of Hawthorne, a mosque in Hawthorne, CA. Mr. Hamdan served as a volunteer imam at that mosque.

For nearly a decade, Mr. Hamdan was subject to FBI surveillance. He was first visited by FBI agents at his home in December 1999, at which point agents asked him, among other things whether he knew Osama Bin Laden. The FBI approached him again shortly after September 11, 2001. In the following years, FBI agents returned to his home and to his workplace to question him on numerous other occasions. Mr. Hamdan also had difficulty traveling and was frequently pulled into secondary inspection at airports for questioning both leaving and returning to the United States.

In August 2006, Mr. Hamdan and his family moved to the United Arab Emirates (U.A.E.). Several months later, Mr. Hamdan returned to the United States for a brief visit. During that visit, he was subject to constant FBI surveillance. Three to four FBI cars also followed him around throughout the duration of his trip. Around the same time, the U.S. government began to question Mr. Hamdan's associates about him.

Then, sometime in 2007, on a return trip from Lebanon to the U.A.E., Lebanese intelligence officers detained Mr. Hamdan for no apparent reason. The authorities detained Mr. Hamdan for one week and subjected him to interrogation and physical abuse.

In July 2008, several months after Mr. Hamdan's detention in Lebanon, the FBI contacted Mr. Hamdan's brother Hossam Hemdan. The FBI official told Mr. Hossam Hemdan that FBI agents wanted to question Mr. Hamdan at the U.S. Embassy in Abu Dhabi. Hossam Hemdan contacted Mr. Hamdan, who agreed to meet with the agents. Two agents, Joshua Stone and Jerry Price, FBI agents from the Los Angeles Field Office, then flew from Los Angeles to the U.A.E. to interrogate him. They met Mr.



LIBERTY | JUSTICE | EQUALITY

Hamdan at the Embassy and interrogated him for several hours. Approximately one month later, on August 26, 2008, the State Security forces of the United Arab Emirates (the "Amn al-Dawla") arrested Mr. Hamdan at his house, in the presence of his family, for no apparent reason. The State Security officials put a hood over Mr. Hamdan's head and took him away. They detained him in a secret location somewhere in Abu Dhabi for three months.

On November 19, 2008, the ACLU/SC filed a lawsuit in federal court alleging that Mr. Hamdan was in the constructive custody of the U.S. because the U.S. had asked the U.A.E. to detain him. One week after filing the lawsuit, Mr. Hamdan was criminally charged with three counts of terrorism and transferred from the secret location to criminal custody in Abu Dhabi. At that time, Mr. Hamdan reported that U.A.E. officials had severely tortured him during lengthy interrogation sessions. He also reported that he believed that at least one U.S. official was present for at least one torture and interrogation session. After a lengthy criminal trial before the Federal Supreme Court in the U.A.E., bereft of due process and transparency, Mr. Hamdan was convicted and sentenced to time served. In October 2009, the U.A.E. deported Mr. Hamdan to Lebanon where he is now recovering from this ordeal.

**Hossam (a.k.a. Sam or Sammy) Hemdan** is an American citizen, who was born in Lebanon on April 4, 1970. He moved to the United States in approximately 1987 and has resided in the Los Angeles area ever since. Mr. Hemdan currently lives in Hawthorne, California and owns and manages a car emissions testing company called Redondo Smog in Hawthorne, California.

Mr. Hemdan, like his brother, was subjected to FBI questioning, monitoring and surveillance beginning in 1999. Over the course of several years, Mr. Hemdan received numerous visits by the FBI to his home and workplace for questioning. On several occasions, he noticed FBI vehicles parked outside his shop. Since 2006, he has experienced routine difficulties leaving and entering the United States at airports and is routinely pulled into secondary inspection by federal authorities for questioning, including extensive questioning about his brother, Naji Hamdan. In addition, beginning in 2006, Mr. Hemdan began to have trouble receiving his mail at his home and has reason to believe that the FBI intercepted his mail.

**Jehad Suliman** is an American citizen, who was born in Palestine on September 29, 1963. Mr. Suliman moved to the United States in 1982 and to Los Angeles in 1988. He currently resides in Hawthorne, California. Mr. Suliman is the manager of Hapimotors, the business that Mr. Hamdan started and owned. He and Mr. Hamdan are close friends and associates.

Mr. Suliman, like Mr. Hamdan and Mr. Hemdan, has also been subject to FBI

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Mauli

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg



**LIBERTY | JUSTICE | EQUALITY**

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

questioning, monitoring and surveillance. Beginning around 2002, Mr. Suliman was questioned by FBI agents at the Hapimotors shop on at least two occasions. After Mr. Hamdan was detained in Lebanon in 2008, FBI agents again approached Mr. Suliman for questioning about Mr. Hamdan. Also, beginning in 2006, Mr. Suliman experienced problems leaving and returning to the U.S. at airports. On one trip, federal agents questioned him extensively at the airport before and after a trip about Mr. Hamdan and Hapimotors. Finally, in July 2009, during the time of Mr. Hamdan's trial in the U.A.E., about one dozen law enforcement agents searched Mr. Suliman's home and property subject to a valid search warrant and seized some of Mr. Suliman's possessions. According to the search warrant, authorities were investigating Mr. Suliman for MediCal fraud. However, documents unrelated to MediCal, but pertaining to Naji Hamdan and Hapimotors, were seized.

## THE REQUEST FOR RECORDS

We seek disclosure of **any** records[1] from January 1, 1998 to the present, which were prepared, received, transmitted, collected and/or maintained by the Department of Justice, the Department of State, the Central Intelligence Agency, the Department of Homeland Security, the Department of Defense and **any** of their sub-agencies or divisions **relating to** or **concerning:**[2]

(1) Mr. Naji Jawdat Hamdan;

(2) Mr. Hossam Jawdat Hemdan (a.k.a. Sammy Hemdan or Sam Hemdan)

(3) Mr. Jehad Suliman; and

(4) Hapimotors (a.k.a Honda Acura Palace or HondAcura Palace). The business is currently located at 1848 East 55th St, Los Angeles, CA 90058 and maintains a website at www.hapimotors.com.

---

[1] The term "records" as used herein includes but is not limited to all communications preserved in electronic or hard copy form, including but not limited to correspondence, documents, data, videotapes, audio tapes, CDs, DVDs, floppy disks, zip disks, faxes, files, e-mails, notes (including handwritten notes), letters, summaries or records of personal conversations, reports and/or summaries of interviews, reports and/or summaries of investigations, guidelines, evaluations, instructions, analyses, memoranda, agreements, orders, prescriptions, charts, expressions of statements of policy, procedures, protocols, reports, rules, training manuals, or studies.

[2] The term "concerning" means referring to, describing, evidencing, commenting on, responding to, showing, analyzing, reflecting, or constituting.



LIBERTY | JUSTICE | EQUALITY

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

As is apparent from the plain language of this request, we seek not only the contents of any primary or main files on the Requestors and Hapimotors, but also any records relating to or concerning any of the Requestors or Hapimotors that may be cross-listed, cross-referenced or contained in the main file pertaining to another individual or entity. The request is also meant to include, but not be limited to the entirety of any document that includes the name of any of the requestors.

## SUGGESTED SEARCH TERMS FOR ELECTRONIC SEARCHES

To enable an adequate search of all electronic databases, we suggest that you use the following search terms, among others, to locate responsive records:

1. Naji Jawdat Hamdan
2. Hamdan, Naji Jawdat
3. Naji Hamdan
4. Hamdan, Naji
5. N. Hamdan
6. Hamdan, N.
7. Naji J. Hamdan
8. Hamdan, Naji J.
9. Hossam Hemdan
10. Hemdan, Hossam
11. Hossam Hamdan
12. Hamdan, Hossam
13. Sam Hemdan
14. Hemdan, Sam
15. Samy Hemdan
16. Hemdan, Samy
17. Sammy Hemdan
18. Hemdan, Sammy
19. Sammy Jawdat Hemdan
20. Hemdan, Sammy Jawdat
21. Jehad Suliman   9/29/1963
22. Suliman, Jehad
23. Honda Acura Palace
24. HondAcura Palace
25. Hapimotors
26. Hapimotors.com
27. Authentic auto parts



LIBERTY | JUSTICE | EQUALITY

## REQUEST FOR EXPEDITED PROCESSING

Expedited processing is warranted when there is a "compelling need" for the information. 5 U.S.C. § 552(a)(6)(E). For requests made by organizations "primarily engaged in disseminating information," "an urgency to inform the public about actual or alleged federal government activity" constitutes a "compelling need." 5 U.S.C. § 552(a)(6)(E)(v)(II).[3]

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

This request implicates a matter of urgent public concern: namely, the nature and extent of the federal government's surveillance and detention of American citizens in the name of national security. Information regarding the federal government's handling of the Naji Hamdan case – both his surveillance in the U.S. and his detention and torture abroad – is of particularly urgent public concern because Mr. Hamdan and many others believe that the U.S. government requested that he be detained by a foreign government known for torturing prisoners, in order to obtain additional information from him. Whether or not the federal government had one of its citizens detained and tortured by a foreign government is a matter of urgent public concern. In addition, information responsive to this request will shed light on the extensive FBI surveillance, monitoring and questioning that Mr. Hamdan and his associates underwent for many years. In particular, the information may show whether the surveillance was suspicion-less or whether there was specific criminal activity that the FBI was investigating. Such information is of urgent public concern as the federal government seeks to improve its surveillance and investigative techniques in the face of new terrorism threats, while balancing concerns for civil liberties.

This request is also made by an organization, the ACLU/SC, "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(d)(1)(ii).

---

[3] *See also Amer. Civil Liberties Union v. U.S. Dep't of Defense*, 2006 WL 1469418 (N.D. Cal. 2006) (ordering expedited processing of a request for records under the FOIA statute where plaintiffs had alleged a compelling need to know about the Department of Defense's practice of gathering information on political protests in the United States); *Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 66 (D.C.C. 2006) (holding that expedited processing of a request for information from the Secret Service about who visited Vice-President Cheney during CIA-leak investigation was proper under the statute where plaintiff had asserted "statutory entitlement to expedited review of the FOIA request, based on the statutory predicate that the plaintiff has a 'compelling need' for the information."); *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30 (D.D.C.2006) (granting a preliminary injunction and ordering expedited processing and disclosure of documents concerning the Bush Administration's policy of conducting surveillance of domestic communications).



LIBERTY | JUSTICE | EQUALITY

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

*See American Civil Liberties Union v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C. 2004) (non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience," is "primary engaged in disseminating information"). Dissemination of information to the public is a critical and substantial component of the ACLU/SC's mission and work. The ACLU/SC disseminates information to the public through newsletters, news briefings, "Know Your Rights" documents, and other educational and informational materials. ACLU/SC also disseminates information to individuals, tax-exempt organizations, not-for-profit groups, and members through its website, http://www.aclu-sc.org. The ACLU/SC website homepage includes a section for news, along with links to information about current issues of public interest. The website also contains archives of press releases and other documents demonstrating the thorough extent to which the ACLU/SC disseminates information to the public on numerous issues. *See* www.aclu-sc.org/news_stories.

The ACLU/SC also shares information with the national ACLU office. The ACLU publishes information through multiple outlets including newsletters, action alerts, videos, and other media. ACLU publications are disseminated across the country to individuals and organizations. The ACLU also publishes an electronic newsletter, which is distributed to subscribers by e-mail, and maintains a website of civil rights and civil liberties information at http://www.aclu.org.

Expedited processing is also warranted because the information sought relates to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). The instant request relates to the case of Naji Hamdan, a matter of exceptional media interest, which is reflected in the widespread news coverage of his case in local, national and international media outlets. *See, e.g.,* Jonathan S. Landay, *Did U.S. Push Detention of American without Charges?*, MCCLATCHY NEWSPAPERS, Nov. 17, 2008; Jonathan S. Landay, *ACLU Suing Bush, Others Over Illegal Detentions Abroad*, MCCLATCHY NEWSPAPERS, Nov. 18, 2008; Denise Nix, *ACLU Suing to Free U.S. Citizen*, DAILY BREEZE, Nov. 18, 2008; Jonathan S. Landay, *Are Overseas Detentions of U.S. Citizens Unconstitutional?*, THE SACRAMENTO BEE, Nov. 18, 2008; Denise Nix, *ACLU Suing to Free U.S. Citizen*, CONTRA COSTA TIMES, Nov. 18, 2008; Raja Abdulrahim, ACLU Seeks Release of American, *Ex-Hawthorne Resident Held in UAE for 3 Months*, L.A. TIMES, Nov. 20, 2008; Jonathan S. Landay, *American Alleges Torture in UAE Detention*, MCCLATCHY NEWSPAPERS, Dec. 2, 2008; Denise Nix, *Former Hawthorne Resident Describes Torture Abroad*, DAILY BREEZE, Dec. 3, 2008; Raja Abdulrahim, *Family Says U.S. Man Detained in Emirates was Tortured*, L.A. TIMES, Dec. 4, 2008; Jesse J. Holland, *Lawsuit: US Responsible for Man's UAE Imprison*ment, ASSOCIATED PRESS, Dec. 13, 2008; Karl Vick, *American Muslim's Case Poses a Test, U.S. Role Alleged in Detention in UAE*, THE WASH. POST, Mar. 23, 2009,



LIBERTY | JUSTICE | EQUALITY

**Chair**
Stephen Rohde

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Chief Executive Officer**
Ramona Ripston

**Chief Counsel**
Mark D. Rosenbaum

**Chief Operating Officer**
Heather Carrigan

**Chief Financial Officer**
Brenda Maull

**Communications Director**
Gordon Smith

**Development Director**
Tracy Rice

**Legal Director**
Hector O. Villagra

**Managing Attorney &**
**Manheim Family Attorney**
**for First Amendment Rights**
Peter J. Eliasberg

at A2; Anna Schecter, *American Detained, Tortured in UAE at U.S. Gov'ts Behest, ACLU Says Naji Hamdan Says He Was Beaten Until Losing Consciousness in Abu Dhabi Prison*, ABC NEWS, June 8, 2009; Muhammad Shamsaddin Megalommatis, *Amnesty Int'l Report 2009 on the UAE – the Impermissible Territory of Human Degeneration*, AMERICAN CHRONICLE, July 2, 2009; *American Held in UAE: "Proxy Detention"?*, ACLU/SC, *U.S. Citizen Faces Terror Charges in Dubai; Attorneys Says He Was Tortured, Forced to Confess*, CBS NEWS, July 19, 2009; Barbara Surk, *UAE Prosecutor: U.S. Man had Al-Qaida Ties, American on Trial Alleges He was Tortured, Denies Terror-Related Charges*, ASSOCIATED PRESS, Aug. 24, 2009; Barbara Surk, *American Naji Hamdan Convicted by Emirates Court on Terror Charges*, ASSOCIATED PRESS, Oct. 12, 2009.

   Accordingly, the Requestors are entitled to expedited processing of this request.

### LIMITATION OR WAIVER OF SEARCH AND REVIEW FEES

   We request a limitation of processing fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by … a representative of the news media …") and 6 C.F.R. § 5.11(d)(1) (search fees shall not be charged to "representatives of the news media"). The information sought in this request is not sought for a commercial purpose. The Requestors include a non-profit organization who intends to disseminate the information gathered by this request to the public at no cost.

   The "term 'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552(a)(4)(A)(ii). The statutory definition does not require that the requester is a member of the traditional media. As long as the requester meets the definition in any aspect of its work, it qualifies for limitation of fees under this section of the statute.

   For the reasons stated above with respect to expedited processing, the ACLU/SC qualifies as a "representative of the news media" under the statutory definition, because the ACLU/SC routinely gathers information of interest to the public, uses editorial skills to turn it into distinct work, and distributes that work to the public. *See Electronic Privacy Information Center v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003) (non-profit organization that gathered information and published it in newsletters and otherwise for general distribution qualified as representative of news media for purpose of limiting fees). Accordingly, any fees charged must be limited to duplication costs.



LIBERTY | JUSTICE | EQUALITY

## WAIVER OR REDUCTION OF ALL COSTS

**Chair**
Stephen Rohde

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Chief Executive Officer**
Ramona Ripston

**Chief Operating Officer**
Mark D. Rosenbaum

**Chief Operating Officer**
Heather Carrigan

**Chief Financial Officer**
Brenda Maull

**Communications Director**
Gordon Smith

**Development Director**
Tracy Rice

**Legal Director**
Hector O. Villagra

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

We request a waiver or reduction of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) ("Documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester"); *see also* 6 C.F.R. § 5.11(k).

The public interest fee waiver provision "is to be liberally construed in favor of waivers for noncommercial requesters." *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284 (9th Cir. 1987). The Requestors need not demonstrate that the records would contain evidence of misconduct. Instead, the question is whether the requested information is likely to contribute significantly to public understanding of the operations or activities of the government, good or bad. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1314 (D.C. Cir. 2003).

Disclosure of the information sought is in the public interest and will contribute significantly to public understanding of the federal government's policies and practices of monitoring, surveillance, questioning, and participation in overseas detention and torture of American citizens. As shown by the news reporting cited above, these issues are of intense public concern. The requested records relate directly to operations or activities of the government that potentially impact or infringe fundamental rights and freedoms. The records are not sought for commercial use, and the Requestors plan to disseminate the information disclosed through print and other media to the public at no cost, and through meetings with members and affected communities. As demonstrated above, the Requestors have both the intent and ability to convey any information obtained through this request to the public.

The Requestors state "with reasonable specificity that [their] request pertains to operations of the government," and "the informative value of a request depends not on there being certainty of what the documents will reveal, but rather on the requesting party having explained with reasonable specificity how those documents would increase public knowledge of the functions of the government." *Citizens for Responsibility and Ethics in Washington v. U.S. Dept. of Health and Human Services*, 481 F. Supp. 2d 99, 107-109 (D.D.C. 2006).

In the event a waiver or reduction of costs is denied, please notify me in advance if the anticipated costs exceed $100.



LIBERTY | JUSTICE | EQUALITY

Chair
Stephen Rohde

President
Douglas Mirell

Chairs Emeriti
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

Chief Executive Officer
Ramona Ripston

Chief Counsel
Mark D. Rosenbaum

Chief Operating Officer
Heather Carrigan

Chief Financial Officer
Brenda Maull

Communications Director
Gordon Smith

Development Director
Tracy Rice

Legal Director
Hector O. Villagra

Managing Attorney &
Manheim Family Attorney
for First Amendment Rights
Peter J. Eliasberg

## CONCLUSION

If this request is denied in whole or part, please justify all deletions by reference to specific FOIA exemptions. We expect you to release all segregable portions of otherwise exempt material. For example, we expect you to redact names of individuals for whom privacy waivers are not enclosed, if such redaction is required by the Privacy Act or other law, and release any otherwise disclosable records as redacted. We also expect that this FOIA request will be processed in accordance with the presumption of disclosure and President Obama's directive to federal agencies on January 26, 2009. Pres. Obama, Memo. for the Heads of Exec. Offices and Agencies, Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 26, 2009) ("The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears.").

We reserve the right to appeal a decision to withhold any information, or to deny expedited processing or a waiver of fees. We look forward to your reply to the request for expedited processing within ten (10) calendar days, as required under 5 U.S.C. § 552(a)(6)(E)(ii)(I). Notwithstanding your decision on the matter of expedited processing, we look forward to your reply to the records request within twenty (20) business days, as required under 5 U.S.C. § 552(a)(6)(A)(I).

If you have questions, please contact Jennie Pasquarella at 213-977-5236 or via e-mail at jpasquarella@aclu-sc.org. Thank you in advance for your timely consideration of this request. Please furnish records as soon as they are identified to the undersigned at:

ACLU of Southern California
1313 W. Eighth Street
Los Angeles, CA 90017

I certify that the information provided supporting the request for expedited processing is true and correct to the best of our knowledge and belief.

Sincerely,

Jennie Pasquarella
Staff Attorney
ACLU of Southern California

## AUTHORIZATION

I, _NAJI JAWDAT HAMDAN_ hereby authorize attorneys from the ACLU of Southern California, 1313 West 8th Street, Los Angeles, CA 90026, to submit a request under the Freedom of Information Act and the Privacy Act to the federal government and to receive responsive documents on my behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October _17_, 2009, in Abu Dhabi, United Arab Emirates.

_NAJI JAWDAT HAMDAN_
Name (print)

_____
Address

_ABU-DHABI, U.A.E._
City, State Zip

_____
Signature

## AUTHORIZATION

I, HOSSAM HEMDAN , hereby authorize attorneys from the ACLU of Southern California, 1313 West 8th Street, Los Angeles, CA 90026, to submit a request under the Freedom of Information Act and Privacy Act to the federal government and to receive responsive documents on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 04, 2009, in Hawthorne , California.

Hossam Hemdan
Name (print)

12636 TRURO AV.
Address

HAWTHORNE CA 90250
City, State Zip

Signature

State of California County of
LOS ANGELES
Subscribed and sworn to (or affirmed)
Before me on this 04 day of 09, 2009, by
Hossam Hemdan
personally known to me or proved to me on
the basis of satisfactory evidence to be the
person(s) who appeared before me.

Signature Hushmet Ali Khan

HUSHMET ALI KHAN
Commission # 1822868
Notary Public - California
Los Angeles County
My Comm. Expires Nov 16, 2012

## AUTHORIZATION

I, _Jehad Suliman_, hereby authorize attorneys from the ACLU of Southern California, 1313 West 8th Street, Los Angeles, CA 90026, to submit a request under the Freedom of Information Act and Privacy Act to the federal government and to receive responsive documents on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September _04_, 2009, in _Hawthorne_, California.

_Jehad Suliman_
Name (print)

_14107 Ramona Ave_
Address

_Hawthorne, CA 90250_
City, State Zip

Signature

State of California County of
_LOS ANGELES_
Subscribed and sworn to (or affirmed)
Before me on this _04_ day of _09_, 20_09_, by
_Jehad Suliman_
personally Known to me or proved to me on
the basis of satisfactory evidence to be the
person(s) who appeared before me.
Signature _Hushmet Ali Khan_

HUSHMET ALI KHAN
Commission # 1822868
Notary Public - California
Los Angeles County
My Comm. Expires Nov 16, 2012

Exhibit B

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 9, 2010

MS. JENNIE PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

FOIPA Request No.: 1143419- 000
Subject: HAMDAN, NAJI JAWDAT
HAPIMOTORS

Dear Ms. Pasquarella:

This is in reference to your letter dated January 29, 2009, directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request.

You have requested expedited processing of your request pursuant to the Department of Justice (DOJ) standard permitting expedition for requests involving "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5 (d)(1) (ii). Based on the information you have provided, I cannot find that there is a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activity generally.

In addition, you have requested expedition for "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect pubic confidence." 28 C.F.R. § 16.5 (d)(1)(iv). This request is also denied pursuant to the decision made by the Office of Public Affairs of the DOJ on March 1, 2010.

If you are not satisfied with the denial of your request for expedited processing, you may administratively appeal. Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Very truly yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Exhibit C

 

RECEIVED

APR 28 2010

Office of Information Policy

April 16, 2010

**Chair**
Stephen Rohde

**President**
Douglas Mirell

**Chairs Emeriti**
Danny Goldberg
Allan K. Jonas
Burt Lancaster*
Irving Lichtenstein, MD*
Jarl Mohn
Laurie Ostrow*
Stanley K. Sheinbaum
*deceased

**Executive Director**
Ramona Ripston

**Chief Counsel**
Mark D. Rosenbaum

**Deputy Executive Director**
James Gilliam

**Chief Financial Officer**
Brenda Maull

**Communications Director**
Gordon Smith

**Development Director**
Sandy Graham-Jones

**Legal Director**
Hector O. Villagra

**Managing Attorney &
Manheim Family Attorney
for First Amendment Rights**
Peter J. Eliasberg

Director, Office of Information Policy
U.S. Department of Justice
1425 New York Ave., N.W.
Suite 11050
Washington, D.C. 20530-0001

    Re:    FOIPA Request Nos: 1143419-000 (Subject: Hamdan, Naji Jawdat; Hapimotors); 1143422-000 (Subject: Suliman, Jehad); 1143421-000 (Subject: Hemdan, Hossam Jawdat)

Dear Sir or Madam:

    This is a consolidated appeal under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(6), and the Privacy Act, 5 U.S.C. § 552a, of the Federal Bureau of Investigation's ("FBI") refusal to grant expedited processing and its failure to timely respond to our request.

    On January 29, 2010, pursuant to FOIA and the Privacy Act, we requested the disclosure of any records in the possession of the Department of FBI "relating to or concerning" Mr. Naji Jawdat Hamdan, Mr. Hossam Jawdat Hemdan, Mr. Jehad Suliman, and Hapimotors. The principle reason we seek such records is to shed light on "the federal government's surveillance, monitoring, questioning, investigation, and participation in the overseas detention and torture of Mr. Naji Jawdat Hamdan." A copy of the FOIA request is attached as Exhibit A.

    On February 17, 2010, the FBI responded to our request by assigning three separate FOIA Request Nos. as referenced above, and stated that it was "searching the indices of our Central Records System for the information [we] requested" and that it "will inform [us] of the results as soon as possible." To date, however, we have not heard back from the FBI regarding the status of its search for our requested records. Further, on March 9, 2010, we received two letters from the FBI stating that it was denying our request for expedited processing of records relating to Naji Jawdat Hamdan and Hapimotors (FOIPA Request No. 1143419-000) and Jehad Suliman (FOIPA Request No. 1143422-000). We did not receive a similar denial of our request for expedited processing of records related to Hossam Jawdat Hemdan (1143421-000). On April 14, 2010 we contacted the FBI FOIA office to inquire into the status of our request. We left a message with Anthony Stoffer in which we identified each of the above-referenced FOIPA Request Nos. and requested that he call us back to discuss this matter. To date, no one has responded to that call.

<u>Expedited Processing</u>

In your March 9, 2010 letters (attached as Exhibit B), you first denied our request for expedited processing on the ground that we did not provide information to show that there is "an urgency to inform the public about an actual or alleged federal government activity." *See* 28 C.F.R. §16.5(d)(1)(ii). We disagree with that assessment.

The information is urgently needed for the reasons already discussed in our request. More specifically, the information involves a "breaking news story of general public interest." As is detailed in our request, the story of Naji Hamdan and the U.S. government's role in his detention has been headline news, receiving exceptional media interest from the time that he was detained in August 2008 until today. For example, his story aired on CBS Nightly News, and was covered numerous times by the Washington Post and the Los Angeles Times. *See Attorneys Say He Was Tortured, Forced to Confess,* CBS NIGHTLY NEWS, July 19, 2009; Barbara Surk, *Emirates Closes Terror Trial of U.S. Citizen,* THE WASHINGTON POST, July 20, 2009; Karl Vick, *American Muslim's Case Poses a Test, U.S. Role Alleged in Detention in UAE,* THE WASHINGTON POST, Mar. 23, 2009; Raja Abdulrahim, *ACLU Seeks Release of American, Ex-Hawthorne Resident Held in UAE for 3 Months,* L.A. TIMES, Nov. 20, 2008; Raja Abdulrahim, *Family Says U.S. Man Detained in Emirates was Tortured,* L.A. TIMES, Dec. 4, 2008. In addition, media interest in Mr. Hamdan's plight has not dissipated. Indeed, last month a leading national magazine published a feature-length article about Mr. Hamdan. *See* Anna Louise Sussman, *Naji Hamdan's Nightmare,* THE NATION, Mar. 4, 2010.

Furthermore, the information sought through our request will answer many of the unresolved questions about why Mr. Hamdan was detained in the United Arab Emirates and to what extent the U.S. government was involved. This information has diminishing value to the public and the media who seek immediate answers to these questions and to hold the government accountable for its treatment of Mr. Hamdan and other individuals like him, who have been detained by foreign governments at the request of the United States.

Finally, the requested information clearly concerns actions of the Federal Government, as the entire purpose of this FOIA request is to understand exactly what role various components of the Federal Government played in Mr. Hamdan's ordeal.

The FBI also denied our entitlement to expedited processing on the grounds that our request does not relate to "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 18 C.F.R. §16.5(d)(1)(iv). However, the FBI failed to provide any basis for this denial. Rather, it cited as a basis for its denial a "decision" made by the DOJ's Office of Public Affairs on March 1, 2010 but failed to provide us a copy of that "decision." Nor did it explain why that "decision" justifies denying our request for expedited processing given that we have clearly established that we meet the standards set forth in 18 C.F.R. §16.5(d)(1)(iv). See the 16 news articles cited in our FOIA request, Ex. A, between the dates November 17, 2008 through October 12, 2009; *see also* Anna Louise Sussman, *Naji Hamdan's Nightmare,* THE NATION, Mar. 4, 2010. The sheer number of national news articles relating to our request demonstrates that it is "a matter of widespread and exceptional

2

media interest." 18 C.F.R. §16.5(d)(1)(iv). Further, as set forth in these articles and in our request, the U.S. government's surveillance, monitoring, questioning, investigation, and participation in the overseas detention and torture of Mr. Naji Jawdat Hamdan, raises "possible questions about the government's integrity which affect public confidence." *Id.*

Pursuant to DOD 5700.7-R a compelling need by a requester shall be made by a statement certified by the requester to be true and correct to the best of their knowledge. For the above-mentioned reasons, the FBI's denial of our request for expedited processing should be overturned and our request should be processed in accordance with your expedited processing procedures.

Untimely Disclosure of Records

Agencies generally are required, within 20 days of receipt of even a non-expedited FOIA request, to process the request and inform the requesting party of their determination to either comply or not comply, absent "unusual" or "exceptional" circumstances. *See* 5 U.S.C. § 552(a)(6)(A), (B), (C). With respect to production, FOIA provides that "[u]pon determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." *See* 5 U.S.C. § 552(a)(6)(C)(i). Here, we sent our request to the FBI two and a half months ago. The FBI then waited two weeks to acknowledge receipt of the request. Then, almost another month later, it summarily denied our request for expedited processing without providing and specific reasons for the denial. Now, over a month later, the FBI has a failed to respond to our inquiry as to the status of its search for our requested records.

Because the FBI has failed to comply with the statutory requirement to make our records "promptly available" to us, we therefore file this FOIA appeal.[1] We believe that all of the requested records are subject to disclosure, and we request their expedited processing and release. If any records are withheld, please state the exemption.

We look forward to your timely written response. Thank you for your consideration of this appeal.

Sincerely,

Jennie Pasquarella
Staff Attorney
ACLU/SC
(213) 977-5236

Laboni Hoq
Associate
Traber & Voorhees
(626) 585-9611

---

[1] Under these circumstances, while we are not obliged to file an administrative appeal, we do so in attempt to avoid potential litigation to obtain the requested records. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.")

3

Exhibit D



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAY 2 4 2010**

Jennie Pasquarella, Esq.                 Re:  Appeal Nos. 2010-1762, 2010-1763 &
American Civil Liberties Union                  2010-1764
 of Southern California Foundation              Request Nos. 1143419-000,
1313 West Eighth Street                         1143422-000 & 1143421-000
Los Angeles, CA  90017                          KWC:PED

Dear Ms. Pasquarella:

      This responds to your letter dated April 16, 2010, received in this Office on April 28, 2010, in which you appealed from the decisions of the Federal Bureau of Investigation (FBI) denying expedited processing of your requests for access to records pertaining to Naji Jawdat Hamdan, Hossam Jawdat Hemdan, Jehad Suliman, and Hapimotors.  You also attempted to appeal from the failure of the FBI to respond to your requests.

      The Director of Public Affairs considered your requests for expedited processing under the fourth standard and determined that your requests should be granted because it is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv) (2009).  I concur in that determination.  Accordingly, your requests will be processed as quickly as practicable.

      Regarding your attempt to appeal from the failure of the FBI to respond to your requests, please be advised that Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component.  See 28 C.F.R. § 16.9(a) (2009).  Except for the FBI's denial of your requests for expedited treatment, no adverse determination has been made, and there is no additional action for this Office to consider on appeal.  Indeed, the Freedom of Information Act itself contemplates the filing of a lawsuit by the requester, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits.  See 5 U.S.C. § 552(a)(6)(C)(I).

      If you are dissatisfied with my action on your appeals from the FBI's denial of your requests for expedited treatment, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

                              Sincerely,

                              Janice Galli McLeod
                              Associate Director

Exhibit E



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*
July 21, 2010

MS. JENNIE ACLU/PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

Request No:  1143419-000
Subject:  HAMDAN, NAJI
JAWDAT/HAPIMOTORS

Dear Requester:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI). Currently your request is being reviewed by an analyst. The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA. If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions. Large requests take the longest time to be processed by an analyst.

You may inquire as to the status of your request by calling the FBI's FOIPA Public Information Center at 540-868-4593.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

Exhibit F



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*
*December 30, 2010*

MS. JENNIE PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

Subject: HAMDAN, NAJI JAWDAT/HAPIMOTORS
FOIPA No. 1143419- 000

Subject: HEMDAN, HOSSAM JAWDAT
FOIPA No. 1143421

Subject: SULIMAN, JEHAD
FOIPA No. 1143422

Dear Ms. Pasquarella:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet precedes the pages being released to indicate where pages were removed entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|  | Section 552 |  | Section 552a |
|---|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

**118 pages** were reviewed and **99 pages** are being released. Due to the condition of the original documents, we have found that some of the copies reproduced therefrom have been extremely difficult to read. While we realize the quality of some of the documents is poor, every effort has been made to obtain the best copies possible.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy

Dissemination Section

Division

Enclosures

Section Chief
Record/Information

Records Management

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or  foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods.

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Exhibit G

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

*May 5, 2011*

MS. JENNIE PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

Subject: HAMDAN, NAJI JAWDAT/HAPIMOTORS
FOIPA No.  1143419- 000

Dear Ms. Pasquarella:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been  made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.  The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

**654 page(s)** were reviewed and **422 page(s)** are being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☒  referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001.  Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely.  The envelope and the letter should be clearly marked "Freedom of Information Appeal."  Please cite the FOIPA Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown,  when ident, references

usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division

Enclosures

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DO.

Exhibit H



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*
*June 30, 2011*

MS. JENNIE PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

Subject: HAMDAN, NAJI JAWDAT
Request No.: 1143419-001

Dear Ms. Pasquarella:

You were previously advised we were consulting with other Government agency(ies) [OGA] concerning information located as a result of your Freedom of Information-Privacy Acts (FOIPA) request.

This consultation is finished and the enclosed material is being released to you with deletions made pursuant to Title 5, United States Code, Section(s) 552/552a as noted below. See the enclosed form for an explanation of these exemptions.

|  Section 552 |  |  Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☒(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☒(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be identified easily.

☒ Deletions were made by the OGA. To appeal those denials, please write directly to that agency.

In addition, documents that were previously removed as illegible have been rescanned and processed. These documents have been included in this release package (Bates pages ACLU-Hamdan 37 through 44).

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

Exhibit I



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 17, 2010

MS. JENNIE PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

FOIPA Request No.: 1143421- 000
Subject: HEMDAN, HOSSAM JAWDAT

Dear Ms. Pasquarella:

☒  This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐  For an accurate search of our records, please provide the complete name, alias, date and place of  birth for the subject of your request. Any other specific data you could  provide such as prior addresses, or employment information would also be helpful.  If your subject is deceased, please  include date and proof of death.

☐  To make sure information about you is not released to someone else, we require your notarized  signature or, in place of a notarized signature, a declaration pursuant 28 U.S.C. § 1746.  For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐  If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest  record, please follow the enclosed instructions in Attorney General Order 556-73.  You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS.  This is to make sure your information is not released to an unauthorized person.

☒  We are searching the indices to our Central Records System for the information you requested, and will inform you of the results as soon as possible.

☐  Processing delays have been caused by the large number of requests received by the FBI.  We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above.  Please use this number in all correspondence with us.  Please note that your request for a fee waiver is pending and you will be advised of a decision at a later date.  Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Exhibit J

U.S. Department of Justice

---

Federal Bureau of Investigation

*Washington, D.C. 20535*

March 9, 2010

MS. JENNIE PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

FOIPA Request No.: 1143421- 000
Subject: HEMDAN, HOSSAM JAWDAT

Dear Ms. Pasquarella:

This is in reference to your letter dated January 29, 2009, directed to the Federal Bureau of Investigation (FBI), in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request.

You have requested expedited processing of your request pursuant to the Department of Justice (DOJ) standard permitting expedition for requests involving "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5 (d)(1) (ii). Based on the information you have provided, I cannot find that there is a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activity generally.

In addition, you have requested expedition for "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect pubic confidence." 28 C.F.R. § 16.5 (d)(1)(iv). This request is also denied pursuant to the decision made by the Office of Public Affairs of the DOJ on March 1, 2010.

If you are not satisfied with the denial of your request for expedited processing, you may administratively appeal. Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Very truly yours,

David M. Hardy
Section Chief
Record/Information
     Dissemination Section
Records Management Division

Exhibit K



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

July 21, 2010

MS. JENNIE ACLU/PASQUARELLA
ACLU OF SOUTHERN CALIFORNIA
1313 WEST EIGHTH STREET
LOS ANGELES, CA 90017

Request No:  1143421-000
Subject:  HEMDAN, HOSSAM JAWDAT

Dear Requester:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI). Currently your request is being reviewed by an analyst. The analyst will confirm that all records are responsive to your request and apply exemptions allowed under FOIPA. If your request is for sensitive national security information, then the records must undergo a systematic declassification review prior to application of FOIPA exemptions. Large requests take the longest time to be processed by an analyst.

You may inquire as to the status of your request by calling the FBI's FOIPA Public Information Center at 540-868-4593.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division