| | |
|---|---|
| 1 | Ahilan T. Arulanantham (SBN 237841) |
| | aarulanantham@aclu-sc.org |
| 2 | Michael Kaufman (SBN 254575) |
| | mkaufman@aclu-sc.org |
| 3 | ACLU FOUNDATION OF |
| | SOUTHERN CALIFORNIA |
| 4 | 1313 West Eighth Street |
| | Los Angeles, California 90017 |
| 5 | Tel: (213) 977-5232 |
| | Fax: (213) 417-2232 |
| 6 | |
| 7 | Wilmer Harris (SBN 150407) |
| | wharris@sdshhlaw.com |
| 8 | Laboni A. Hoq (SBN 224140) |
| | lhoq@sdshhlaw.com |
| 9 | SCHONBRUN, DE SIMONE, SEPLOW, |
| | HARRIS, HOFFMAN & HARRISON LLP |
| 10 | 715 Fremont Avenue, Suite A |
| | South Pasadena, California 91030 |
| 11 | Tel: (626) 441-4129 |
| | Fax: (626) 283-5770 |
| 12 | |
| 13 | Attorneys for Plaintiffs |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAJI JAWDAT HAMDAN, HOSSAM HEMDAN, ACLU OF SOUTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF INVESTIGATION, a component of the U.S. Department of Justice; U.S. NATIONAL CENTRAL BUREAU - INTERPOL, a component of the U.S. Department of Justice; NATIONAL SECURITY DIVISION, a component of the U.S. Department of Justice; DEPARTMENT OF STATE; UNITED STATES CENTRAL INTELLIGENCE AGENCY; UNITED STATES DEPARTMENT OF DEFENSE; DEFENSE INTELLIGENCE AGENCY, a component of the U.S. Department of Defense; NATIONAL SECURITY AGENCY, a component | Case No: CV 10-6149 JHN (JEMx) <br><br> **DECLARATION OF LABONI A. HOQ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT U.S. DEPARTMENT OF STATE'S MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: March 5, 2011 <br> Time: 2:00 pm <br> Place: Courtroom 790 |

| | |
|---|---|
| 1 | of the U.S. Department of Defense; ) |
| 2 | OFFICE OF INSPECTOR GENERAL, a component of the U.S. ) ) |
| 3 | Department of Defense; DEFENSE OFFICE OF FREEDOM OF ) ) |
| 4 | INFORMATION, a component of the U.S. Department of Defense; UNITED ) ) |
| 5 | STATES DEPARTMENT OF HOMELAND SECURITY; ) ) |
| 6 | BUREAU OF CUSTOMS & BORDER PROTECTION, a ) ) |
| 7 | component of the U.S. Department of Homeland Security; ) ) |
| 8 | TRANSPORTATION SECURITY ADMINISTRATION, a component of ) ) |
| 9 | the U.S. Department of Homeland Security; IMMIGRATION AND ) ) |
| 10 | CUSTOMS ENFORCEMENT ("ICE"), a component of the U.S. ) ) |
| 11 | Department of Homeland Security; OFFICE OF INTELLIGENCE & ) ) |
| 12 | ANALYSIS, a component of the U.S. Department of Homeland Security; ) ) |
| 13 | OFFICE OF DIRECTOR OF NATIONAL INTELLIGENCE, ) ) |
| 14 | Defendants. ) |

/ / /

/ / /

/ / /

**DECLARATION OF LABONI A. HOQ**

I, Laboni A. Hoq, declare as follows:

1. I am an associate at the law firm Schonbrun, DeSimone, Seplow, Harris, Hoffman & Harrison and one of the counsel of record for plaintiffs Naji Jawdat Hamdan, Hossam Hemdan and the ACLU of Southern California in this action. I am submitting this declaration in support of plaintiffs' Opposition to Defendant U.S. Department of State's Motion for Summary Judgment. The facts stated here are based on my personal knowledge. If called as a witness, I could and would competently testify to the following matters.

2. Attached hereto as Exhibit A is plaintiffs' Request under the Freedom of Information Act and Privacy Act ("Request"), erroneously dated January 29, 2009, which should have been dated January 29, 2010, and which was sent to all defendants on January 29, 2010.

3. Attached hereto as Exhibit B is a Declaration of Naji Hamdan.

4. Attached hereto as Exhibit C is a Declaration of Hossam Hemdan.

5. Attached hereto as Exhibit D is a U.S. Department of State ("DOS") letter to plaintiffs' counsel dated March 12, 2010.

6. Attached hereto as Exhibit E is a letter from the DOS to plaintiffs' counsel dated December 17, 2010, enclosing documents produced under FOIA.

7. Attached hereto as Exhibit F is a letter from the DOS to plaintiffs' counsel dated February 17, 2011, enclosing documents produced under FOIA.

8. Attached hereto as Exhibit G is a letter from the DOS to plaintiffs' counsel dated April 18, 2011, enclosing documents produced under FOIA.

9. Attached hereto as Exhibit H is a letter from the DOS to plaintiffs' counsel dated April 29, 2011, enclosing documents produced under FOIA.

10. Attached hereto as Exhibit I is an email from defense counsel Jeffrey Smith to me dated August 5, 2011, with subject "Hamdan et al. v. Dept. Of Justice et al.: DOS-Office of the Counselor search."

1. 11. Attached hereto as Exhibit J is a letter from the DOS to plaintiffs' counsel dated September 2, 2011, enclosing documents produced under FOIA.

2. 12. Attached hereto as Exhibit K is a letter from me to defense counsel Jeffrey Smith dated May 16, 2011.

3. 13. Attached hereto as Exhibit L is a letter from DOS's counsel Alex Galovich to me dated July 1, 2011.

4. 14. Attached hereto as Exhibit M is a letter from DOS's counsel Alex Galovich to me dated July 29, 2011.

5. 15. Attached hereto as Exhibit N is an email on which I was copied from defense counsel Peter Leary to my co-counsel Michael Kaufman dated November 14, 2011, with subject "Hamdan: DOS sample documents."

6. 16. Attached hereto as Exhibit O is the mutually agreed upon sample of documents produced by DOS in this case, and which are referenced in the Declaration of Margaret P. Grafeld (Docket No. 43-1).

7. 17. In a telephone conference on May 13, 2011, and then again in a letter dated May 16, 2011, I requested to DOS' counsel Jeff Smith and Alex Galovich that DOS prepare a *Vaughn* index for all information withheld from its production so that plaintiffs could assess the validity of those withholdings, narrow the issues in dispute and streamline any summary judgment briefing. DOS declined to do so. My co-counsel Michael Kaufman and I then suggested to DOS counsel Jeff Smith through a series of emails that the parties agree to litigate a sample of the documents withheld by the DOS pursuant to a purported FOIA exemption, and that DOS would prepare a *Vaughn* declaration which it would submit with its motion for summary judgment to be filed in the next several weeks. We also asked that the parties agree that upon the Court's ruling on DOS's motion for summary judgment, plaintiffs would be allowed to file their own summary judgment motion to address any systematic error by the DOS in complying with its FOIA obligations.

1    18.    In the course of identifying the documents that would be included in
2  the sample, in an email dated August 17, 2011 on which I was copied, my co-
3  counsel Michael Kaufman notified DOS's counsel Jeff Smith that DOS had
4  apparently failed to produce the attachments to certain emails and asked that DOS
5  produce them.  Having received no response to this email, Mr. Kaufman again
6  raised this issue with DOS's counsel Peter Leary on November 10, 2011.  In an
7  email dated November 14, 2011, Mr. Leary stated that he would look into the
8  matter.  Plaintiffs have heard nothing further from DOS on this matter.  These
9  emails are referenced above and attached hereto as Exhibit N.
10   19.    Attached hereto as Exhibit P is an Electronic Frontier Foundation
11 article dated October 18, 2011 and titled "The Dangers in Classifying the News."
12   20.    Attached hereto as Exhibit Q is an Amnesty International, et al. report
13 entitled *Off the Record: U.S. Responsibility for Enforced Disappearances in the*
14 *"War on Terror."*
15   21.    Attached hereto as Exhibit R is a 2005 Congressional Research
16 Service/Library of Congress report entitled *The United Arab Emirates (UAE):*
17 *Issues for U.S. Policy*.
18   22.    Attached hereto as Exhibit S is a 2008 update of the Congressional
19 Research Service/Library of Congress report entitled *The United Arab Emirates*
20 *(UAE): Issues for U.S. Policy*.
21      I declare under penalty of perjury under the laws of the United States of
22 America and the State of California that the foregoing is true and correct and that
23 this declaration was executed on November 23, 2011, in South Pasadena,
24 California.

                                              //s//
                                              Laboni A. Hoq